**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-31107

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

versus

KENNETH BEVLEY, also known as Butterfly,

                    Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CR-46-ALL-T)

August 17, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kenneth Bevley was convicted of conspiracy, bank robbery, and using and carrying a firearm during the commission of a bank robbery as charged in a five-count superseding indictment. Prior to trial, Bevley unsuccessfully moved to suppress the evidence seized at his residence, 2511 Freret Street. Bevley argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's decision on the motion to suppress constitutes reversible error.

In reviewing a district court's denial of a defendant's motion to suppress evidence obtained pursuant to a warrant, we determine whether to apply the good-faith exception to the exclusionary rule then, if necessary, determine if probable cause existed to support the warrant. *See United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129 (5th Cir.), *cert. denied*, 118 S. Ct. 72 (1997); *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).

An affidavit supporting the warrant must contain facts which establish a nexus between the place to be searched and the evidence sought. *See United States v. Broussard*, 80 F.3d 1025, 1034 (5th Cir.), *cert. denied*, 117 S. Ct. 264 (1996). This affidavit contained specific facts showing that armed robberies had been committed using the ski masks, yellow raincoats, car keys, and weapons listed in the warrant request; that a stolen vehicle used in one of the robberies was turned over to Bevley in front of his residence at 2511 Freret Street on the morning of the robbery in which the stolen vehicle was used; that a photograph taken from a bank security camera showed Bevley in a yellow raincoat and that two of the car thieves identified Bevley from that photograph as the person who had received the stolen car used in the robbery; and that Bevley's place of residence was verified by both the police department computer and one of the car thieves who had identified Bevley. The affidavit was not so devoid of facts as to render a police officer's reliance on the warrant to be unreasonable. The

district court did not err in denying the motion to suppress.

Bevley also asserts that the government failed to prove that he committed bank robbery because the subject of count two of the indictment, Credit Union Service Center ("CUSC"), was not a federally insured credit union. "[B]ank assets belong to the bank and prosecution may be under Section 2113 even though such assets actually are in the possession of a bank employee or agent." *United States v. Van*, 814 F.2d 1004, 1006-08 (5th Cir. 1987); *see also United States v. Miller*, No. 97-3165, 1998 WL 171836 (10th Cir. Apr. 13, 1998) (affirming bank robbery conviction under § 2113 for the robbery of a CUSC in Topeka, Kansas), *petition for cert. filed* (U.S. June 12, 1998) (No. 97-9496). Because the CUSC had no deposits of its own, the stolen money was the property of the federally insured member credit unions.

AFFIRMED.